# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGAL SUPPORT NETWORK, d/b/a, EXPRESS NETWORK, <br><br> Plaintiff, <br> v. <br> EXPERT EVICTIONS, <br><br> Defendant. | Case No. 5:18-cv-01310-CJC-SHK <br><br> ORDER REMANDING CASE TO STATE COURT |

Defendant Expert Evictions ("Defendant") seeks to remove this small claims contract dispute from the San Bernardino County Superior Court[1] to this Court based on a claim that the underlying action involves a federal question, under 28 U.S.C. § 1331. Electronic Case Filing Number ("ECF No.") 1, Notice of Removal ("NOR") at 1, 3; ECF No. 1-1, NOR Civil Cover Sheet at 1. Defendant also applied to proceed in forma pauperis ("IFP Application"). ECF No. 3, IFP Application. For reasons discussed below, the Court sua sponte REMANDS this

---

[1] In its removal petition, Defendant states that the action was removed from the Riverside County Superior Court, but a review of the state court complaint shows that it was filed in the San Bernardino County Superior Court. ECF No. 1, NOR at 3.

action to the San Bernardino County Superior Court and DENIES Defendant's IFP Application as moot.

### I. APPLICABLE LAW

"The right of removal is entirely a creature of statute and 'a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress.'" Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32 (2002) (quoting Great Northern R. Co. v. Alexander, 246 U.S. 276, 280 (1918)). Where Congress has acted to create a right of removal, those statutes are strictly construed against removal jurisdiction. Id.; Nevada v. Bank of America Corp., 672 F.3d 661, 667 (9th Cir. 2012); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Unless otherwise expressly provided by Congress, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013). Federal courts, however, are limited in the types of cases that they can hear and cannot hear any lawsuit that a party may want to file, unlike many state courts. United States v. Jacobo Castillo, 496 F.3d 947, 951 (9th Cir. 2007). Specifically, federal courts can only hear "those cases that (1) are within the judicial power of the United States, as defined in the Constitution, and (2) that have been entrusted to them by a jurisdictional grant by Congress." Id. (internal quotation marks omitted). Without the authority to hear a case, either by the U.S. Constitution or the U.S. Congress, a federal court lacks subject matter jurisdiction over the matter. See Kontrick v. Ryan, 540 U.S. 443, 452 (2004) ("Only Congress may determine a lower federal court's subject-matter jurisdiction."). Also, neither the federal court nor the parties can waive this type of a defect, or problem. Castillo, 496 F.3d at 952.

One such way to have jurisdiction is called diversity and the requirements for this type of jurisdiction are set out under 28 U.S.C. § 1332. This statue provides, in pertinent part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332.

In addition to diversity jurisdiction, a party may also be able to bring an action in federal court if there is a federal question, under 28 U.S.C. § 1331. This means that a federal district court can hear a case if the claim is based on a violation of the "Constitution, laws, or treaties of the United States." Id.

The removing defendant bears the burden of establishing federal jurisdiction. Abrego Abrego v. Dow Chemical Co., 443 F.3d 676, 682 (9th Cir. 2006); Gaus, 980 F.2d at 566-67. "Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." Syngenta Crop Protection, 537 U.S. at 33. Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and . . . the district court must remand if it lacks jurisdiction." Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003). "If at any time before final judgment it appears that the district court lacks subject matter

jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  It is "elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at any time by one of the parties, by motion or in the responsive pleadings, or <u>sua</u> <u>sponte</u> by the trial or reviewing court." <u>Emrich v. Touche Ross & Co.</u>, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988).

Removal statutes are to be strictly construed and any doubts are to be resolved in favor of state court jurisdiction and remand.  See <u>Gaus</u>, 980 F.2d at 566.  "If it is unclear what amount of damages the plaintiff has sought, . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." <u>Id.</u> at 566-67 (remanding the case back to the district court with instructions to remand back to the state court).

Notably, the party seeking removal must show by a preponderance of the evidence that the amount in controversy exceeds $ 75,000.  See <u>Abrego Abrego</u>, 443 F.3d at 683; <u>Conrad Associates v. Hartford Acc. & Indem. Co.</u>, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("A speculative argument regarding the potential value of the award is insufficient.").  "It is insufficient for the removing party to merely state a conclusion that the amount in controversy 'exceeds $75,000.'  Instead, the defendant is obligated to provide proof of the underlying facts that establish the Court's jurisdiction." <u>Avans v. Foster Wheeler Const. Co.</u>, No. 1:10-CV-00922 LJO, 2010 WL 3153972, at *2 (E.D. Cal. Aug. 6, 2010).

## II. DISCUSSION

Defendant's NOR fails to establish this Court's jurisdiction over the subject matter of this action, because the NOR fails to establish that either diversity of citizenship requirements, as set forth in 28 U.S.C. § 1332, or federal question requirements, set forth in 28 U.S.C. § 1331, exist in this case.  The Court first addresses Defendant's failure to meet the diversity of citizenship requirements of 28 U.S.C. § 1332.

### A. Neither The Diversity In Citizenship Requirement Nor The Amount In Controversy Requirements To Establish Diversity Jurisdiction Are Met Here, Under 28 U.S.C. § 1332

Here, though not marked on the civil complaint cover sheet, the only potentially, viable basis for subject matter jurisdiction of this failure to pay claim is diversity under 28 U.S.C. § 1332. See ECF No. 1, NOR. Specifically, the underlying complaint shows that both Plaintiff and Defendant are companies with addresses in California. Id. at 4. Additionally, the loss amount at issue is well under the required $75,000.01 threshold. Specifically, Plaintiff is seeking damages in the amount of $4,913.65. Id.

Accordingly, because the calculable damages sought by Plaintiff in the Complaint total less than $5,000, and because doubts are to be resolved in favor of state court jurisdiction and remand, Gaus, 980 F.2d at 566, this Court finds that the amount in controversy requirement set forth in 28 U.S.C. § 1332(a) has not been met.

### B. No Federal Question Under 28 U.S.C. § 1331

Here, the sole basis for federal question jurisdiction expressly referred to is the citation to 28 U.S.C. § 1331 and title of "Federal Question" in the NOR. ECF No. 1, NOR at 1. There are no claims or argument in the underlying complaint or the NOR that provide any basis to conclude that "Constitution, laws, or treaties of the United States" are implicated. See 28 U.S.C. § 1331. The underlying complaint is an action is based on Plaintiff's allegation that Defendant failed to pay for services that were provided by Plaintiff and nothing more, which arises under the laws of the State of California.

Therefore, this Court finds that there is no federal question present under 28 U.S.C. § 1331.

### III. CONCLUSION

Accordingly, IT IS THEREFORE ORDERED that the case be **REMANDED** to the San Bernardino County Superior Court and that Defendant's IFP Application be **DENIED**.

IT IS SO ORDERED.

DATED: June 29, 2018

HONORABLE CORMAC J. CARNEY
United States District Judge

Presented by:

HONORABLE SHASHI H. KEWALRAMANI
United States Magistrate Judge